UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
EASTERN DIVISION AT COVINGTON

| | |
|---|---|
| **TRACY KISENDA** ) | CASE NO. |
|     100 Codell Drive ) | |
|     Apt. 4107 ) | |
|     Lexington, KY 40509 ) | JUDGE |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| V. ) | COMPLAINT WITH JURY |
| ) | DEMAND |
| **DOUGLAS ULLRICH**, In his Individual ) | |
| **Capacity as a Covington, Kentucky Police** ) | |
| **Officer** ) | |
|     1 Memorial Drive ) | |
|     Covington, KY 41014 ) | |
| ) | |
| **AND** ) | |
| ) | |
| **TRENTON GOSHORN**, In his Individual ) | |
| **Capacity as a Covington, Kentucky Police** ) | |
| **Officer** ) | |
|     1 Memorial Drive ) | |
|     Covington, KY 41014 ) | |
| ) | |
| **AND** ) | |
| ) | |
| **BRIAN POWERS, JR.** In his Individual ) | |
| **Capacity as a Covington, Kentucky Police** ) | |
| **Officer** ) | |
|     1 Memorial Drive ) | |
|     Covington, KY 41014 ) | |
| ) | |
| **DEFENDANTS** ) | |

Comes Plaintiff, TRACY KISENDA, by and through counsel, and for his Complaint against the above-named Defendants, and states as follows:

**PARTIES TO THE ACTION**

1. Plaintiff, TRACY KISENDA, was at all times relevant a resident of Fayette County, Kentucky, residing at the address listed above.

1

2. Defendant ULLRICH was at all relevant times hereto a sworn peace officer with the Covington, Kentucky Police Department located at 1 Memorial Drive, Covington, KY 41014, and was at all relevant times acting under color of law and is being sued in his individual capacity.

3. Defendant GOSHORN was at all relevant times hereto a sworn peace officer with the Covington, Kentucky Police Department located at 1 Memorial Drive, Covington, KY 41014, and was at all relevant times acting under color of law and is being sued in his individual capacity.

4. Defendant POWERS was at all relevant times hereto a sworn peace officer with the Covington, Kentucky Police Department located at 1 Memorial Drive, Covington, KY 41014, and was at all relevant times acting under color of law and is being sued in his individual capacity.

**JURISDICTION AND VENUE**

5. Plaintiff adopts, incorporate, and reiterate all paragraphs as if fully restated herein.

6. This action is brought to redress grievances protected by the United States Constitution, 42 U.S.C. §§ 1983 and 1988, secured by the First, Fourth, Eighth, and Fourteenth Amendments to the Constitution, and state law claims under the Constitution and laws of the Commonwealth of Kentucky. This Court has jurisdiction over these matters under 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This Court has supplemental jurisdiction of the State law claims for assault and battery, and various other common and state law claims, under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

7. This Court is the proper venue for this matter under 28 U.S.C. § 1391, because all of the events giving rise to this action took place within this judicial district in Covington,

Kentucky, Kenton County.

## FACTUAL ALLEGATIONS

8. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

9. On or about October 24, 2024, Plaintiff was stopped by Covington Police Defendant Powers for allegedly having a brake light out and a license plate not illuminated.

10. After stopping his vehicle, Defendants Ullrich and Goshorn ordered Plaintiff out of the vehicle.

11. Plaintiff asked why he had been pulled over and Defendants did not provide a clear response initially.

12. Plaintiff did not pose an immediate risk of flight or danger to the officers, or to the public at large, nor did he physically resist the officers.

13. Plaintiff merely repeatedly inquired of the officers why they wanted to see his identification and why they wanted him to step out of the car.

14. Despite Plaintiff posing no risk to the officers or others, despite the fact that Plaintiff was not resisting the Defendants at any point, Defendant Ullrich, without reason or necessity, shattered Plaintiff's driver's side window with a baton covering Plaintiff in glass and pulled open Plaintiff's driver side door, at which point, Defendants began pulling Plaintiff from the car.

15. Plaintiff informed the officer that he was trying to comply with Defendnats' order to get out of his car.

16. At this time Plaintiff's seat belt was fully engaged, as was apparent to each Defendant.

17. Nevertheless, despite Plaintiff's posing no risk to the officers or others, and without reason or necessity, Defendants then ripped Plaintiff from the vehicle.

18. Defendants grabbed Plaintiff and continued pulling on Plaintiff's arms and body, obstructing Plaintiff from unlatching his seat belt and complying with Defendants' order to exit his vehicle.

19. Despite Plaintiff's posing no risk to the officers or others, and despite Plaintiff's obvious efforts to comply with Defendants' orders to exit his vehicle, and without reason or necessity, Defendant Goshorn then unnecessarily deployed his taser on Plaintiff causing Plaintiff to seize and fall to the ground and flail about uncontrollably.

20. Ullrich, Goshorn and Powers, proceeded to severely beat Plaintiff excessively, causing severe injuries including contusions and bruising to Plaintiff's head and torso and taser burn to Plaintiff's torso, abdomen, and belly.

21. Defendants' actions described above in shattering his window, ripping Plaintiff from his car, tasing and beating Plaintiff, were the direct result of and motivated by Plaintiff's questioning Defendants' actions and Plaintiff's insistence on being given a reason for the Defendants' demand that he show them his identification and exit his car.

22. At no point in the events described above did Plaintiff physically or verbally threaten the Defendants nor anyone else, nor did he act in any aggressive manner toward Defendants nor anyone else.

23. Defendants then transported Plaintiff to the hospital due to the injuries received from the beating/use of force by Defendants.

24. While in the hospital, and while Plaintiff had his hands handcuffed behind his back, Defendant Powers forced Plaintiff to lie on his back with the handcuffs pressing against Plaintiff's back and spine causing significant pain and a significant spike in his blood pressure.

25. This unnecessary infliction of significant pain while in custody of Defendant Powers continued for several minutes, until medical personnel finally convinced Defendant Powers to remove the handcuffs and reattach them to the side bars of the hospital bed, thus relieving the pain and the spike in blood pressure.

26. At no point in the events described above did Defendants have any objectively reasonable factual basis to use the force described herein.

27. Defendants falsely accused Plaintiff of intentionally hitting or assaulting one or more of the Defendants, resisting arrest, and attempting to or intentionally obstructing or disrupting the Defendants in the performance of their official duties, nor did Defendants have a reasonable factual basis to believe that Plaintiff had engaged in any criminal activity and/or committed an arrestable offense.

28. Defendants' actions in arresting and detaining Plaintiff were not supported by any objectively reasonable factual basis to believe there was probable cause or reasonable suspicion that Plaintiff had committed a criminal offense, and pursuant to KRS § 431.005 neither a license plate not illuminated KRS § 186.170 nor a brake light being out KRS § 189.055 is an arrestable offense under Kentucky Law, as required by the Fourth and Fourteenth Amendments to the United States constitution.

29. Defendants' conduct as described above was wanton, intentional, malicious, reckless, and occurred in reckless disregard for Plaintiff's federal constitutional rights and the common law and constitutional law of Kentucky.

30. As a direct and proximate result of the conduct of Defendants as described above, Plaintiff suffered serious physical harm, pain and suffering, severe emotional distress, loss of income, and is likely to suffer the same into the future.

# COUNT I
## 42 U.S.C. § 1983-USE OF EXCESSIVE FORCE
## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

31. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

32. Plaintiff has a constitutionally protected right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures by state actors, which prohibit the use of "excessive force" in the arrest and detention of individuals not convicted of a criminal offense, including Plaintiff and Section 1 of the Fourteenth Amendment extends this requirement to the several states and their agents.

33. Defendants' actions against Plaintiff were taken in their capacities as officers of the Covington Police Department acting under the color of law at all relevant times.

34. At no time did Plaintiff act aggressively towards Defendants or others nor did he pose any threat of violence against anyone at any point.

35. Defendants' actions, including beating Plaintiff at the same time as tazing him when Plaintiff could not control his body, striking Plaintiff's person while on the ground and incapacitated, for the only purpose of causing pain and discomfort to Plaintiff all posed a high risk of serious injury or death and were objectively unreasonable, based upon the totality of the circumstances.

36. Defendants' conduct, as described above, constituted excessive force, in violation of Plaintiffs' rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of Defendants' actions, Plaintiff suffered personal injuries from excessive use of force, including bruising and bleeding, pain and suffering, fear for his life and other emotional distress, which Plaintiff continues to suffer as a result of those

actions.

38. As a direct and proximate cause of such conduct, Plaintiff suffered serious physical and emotional injuries that will continue into the future, all to his damage in an amount to be determined by the evidence at trial.

## COUNT II
## 42 U.S.C. § 1983-WRONGFUL ARREST
## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

39. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

40. Defendants' actions in arresting and detaining Plaintiff were not supported by any objectively reasonable factual basis to believe there was probable cause or reasonable suspicion that Plaintiff had committed a criminal offense, and pursuant to KRS § 431.005 neither a license plate not illuminated KRS § 186.170 nor a brake light being out KRS § 189.055 is an arrestable offense under Kentucky Law, as required by the Fourth and Fourteenth Amendments to the United States constitution.

41. Defendants' actions as described above in arresting and detaining Plaintiff in the manner described above violated Plaintiff's rights to be free from unlawful arrests and detention as secured by the Fourth and Fourteenth Amendments.

42. As a direct and proximate cause of such conduct, Plaintiff suffered serious physical and emotional injuries that will continue into the future, all to his damage in an amount to be determined by the evidence at trial.

## COUNT III
## 42 U.S.C. § 1983- FIRST AMENDMENT RETALIATION
## VIOLATION OF FIRST AND FOURTEENTH AMENDMENTS

43. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

44. Plaintiff's statements to Defendants regarding his objection or displeasure with their

7

actions and commands and his statements to Defendants otherwise questioning what they were doing is a protected activity under the First Amendment of the United States Constitution.

45. At all relevant times Plaintiff had a constitutionally protected right to question and criticize Defendants' actions against him.

46. Defendants, upon hearing Plaintiff's questioning and criticism of Defendants' actions against him, and motivated by such questioning and criticism, forcibly removed Plaintiff from his vehicle, used excessive force, placed Plaintiff in cuffs and arrested and detained him because of such constitutionally protected actions by Plaintiff.

47. The conduct of Defendants in unnecessarily and without cause tazing Plaintiff and otherwise using excessive force as described above, would intimidate, chill and otherwise dissuade a reasonable person from engaging in such protected speech that is protected under the First Amendment.

48. Defendants' use of unreasonable force and their arrest and detention of Plaintiff without any objectively reasonable factual basis, all as described above, was motivated by Plaintiff's protected speech and occurred in retaliation for Plaintiff's exercise of such First Amendment rights.

49. As a direct and proximate cause of such conduct, Plaintiff suffered serious physical and emotional injuries that will continue into the future, all to his damage in an amount to be determined by the evidence at trial.

<u>**COUNT IV**</u>
<u>**42 U.S.C. § 1983- DELIBERATE INDIFFERENCE PRETRIAL DETAINEE VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS**</u>

50. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

51. Plaintiff was a pretrial detainee upon arrest and detention by Defendants.

52. Defendants, under color of state law, subjected Plaintiff, and/or caused Plaintiff to be subjected to the deprivation of the rights, privileges, and immunities secured to him by the United States and Kentucky Constitutions.

53. After the arrest, and while Plaintiff was in the custody of Defendants at the hospital, Defendants used force that was objectively unreasonable and served no penological interest, in causing Plaintiff to lie on his handcuffs while waiting for and being treated at the hospital.

54. Defendants used excessive force, cruel and unusual punishment, and/or his conditions of confinement constituted excessive force and wanton infliction of pain in violation of Plaintiff's constitutional rights.

55. Defendants were deliberately indifferent to Plaintiff and they pain they were causing despite objectively obvious use of unnecessary force, and were subjectively aware of same, and intentionally, recklessly, or were grossly negligent in the use of force.

56. As pre-trial detainee, Plaintiff had the right to be free from cruel and unusual punishment, excessive force, infliction of pain as secured by the Fourteenth Amendment under the Eight Amendment of the United States Constitution and/or the Fourth Amendment as held by the Supreme Court in *Kingsley* and Sixth Circuit under *Brawner*.

57. Defendants' conduct was a violation of Plaintiff's right to due process of law of his right not to be subjected to cruel and unusual punishment under the 4th, 5th, 8th, and 14th Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

58. As a direct and proximate result of the Defendants' actions, Plaintiff was left to suffer and anguish in convalescing with his injuries, inflicting additional pain and suffering, and emotional distress.

59. The constitutional proscription against cruel and unusual punishment limits the conditions under which the state may detain or confine persons convicted of crimes and state actors may not subject prisoners to conditions that pose a substantial risk of serious harm to pretrial detainees.

60. Such practices constitute an arbitrary use of government power, and evince a total, intentional and unreasonable disregard for and deliberate indifference to the health, well-being and constitutional and common law rights of persons detained, including Plaintiff, in violation of the above referenced constitutional provisions.

## COUNT V
## ASSAULT AND BATTERY

61. Plaintiff adopts, incorporates, and reiterates all paragraphs as if fully restated herein.

62. Defendant Ullrich and Goshorn had no probable cause to support the continued detention of Plaintiff, use of force, and/or prosecution of Plaintiff and certainly did not have probable cause to conduct the unreasonable search of Plaintiff.

63. Defendants intentionally used significantly more force than necessary in interacting with Plaintiff.

64. Defendants' actions in trying to effectuate the arrest and detention of the Plaintiff were intentional and/or reckless and Defendants were aware that their conduct created an unreasonable risk of physical harm to Plaintiff.

65. Defendants acted in bad-faith, or objectively unreasonably, when they body slammed Plaintiff to the ground, struck Plaintiff while on ground as he offered no resistance as

described above.

66. Defendants actions in this regard constituted an assault and battery under the common law of Kentucky, proximately causing Plaintiff's injuries and damages described herein.

## COUNT VI
## COMMON LAW FALSE ARREST

67. Plaintiff adopts, incorporates and reiterates all paragraphs as if fully restated herein.

68. Pursuant to KRS § 431.005 neither a license plate not illuminated KRS § 186.170 nor a brake light being out KRS § 189.055 is an arrestable offense under Kentucky Law.

69. Defendants had no discretion, privilege, nor immunity to detain Plaintiff and were required to give Plaintiff a citation and not arrest him.

70. Defendants' conduct as described above constituted a tort of wrongful arrest in violation of Plaintiffs' rights as secured by the common law of the Commonwealth of Kentucky.

71. Defendants' conduct was the direct and proximate cause of Plaintiffs' injuries as described above, all to Plaintiffs' damage in an amount to be determined by the evidence at trial.

## COUNT VII
## PUNITIVE DAMAGES

72. Plaintiff adopts, incorporates and reiterates all paragraphs as if fully restated herein.

73. The conduct of the Defendants and Defendants' violations of Plaintiff's rights were knowing, intentional, cruel and malicious; amount to gross, willful, intentional, and/or reckless conduct, with deliberate indifference to the rights of Plaintiff, entitling Plaintiff to recover punitive damages, as such rights of Plaintiff are protected by the Constitution of the United States and common and statutory law of Kentucky in an amount to be determined by a jury.

74. Defendants' violations of Plaintiff's rights were knowing, intentional, cruel and malicious; amount to gross, willful, intentional, and/or reckless conduct, with deliberate indifference

to the rights of Plaintiff, entitling Plaintiff to recover punitive damages Defendants in order to deter such conduct in the future.

## DAMAGES

75. Plaintiff adopts, incorporates and reiterates all paragraphs as if fully restated herein:

76. As a consequence of Defendants' wrongful conduct, Plaintiff was injured by the Defendants, causing Plaintiff to be subjected to an increased stop, multiple searches of his person and vehicle, emotional distress, suppression of his first amendment rights, and fear of peace officers.

77. As a result of the foregoing, Plaintiff experienced unnecessary pain and suffering and severe and unjustified mental and emotional distress for which Plaintiffs are entitled to recover actual damages.

78. Furthermore, Defendants' violations of the Plaintiff's rights were knowing, intentional, reckless, cruel and malicious, entitling Plaintiff to recover punitive damages from Defendants in order to deter such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following:

A. Judgment for Plaintiff on all counts, with damage awards for all relief requested;

B. An award of compensatory damages including but not limited to medical bills, pain and suffering, emotional distress, loss of income, loss of future income, deprivation of property and liberty, and any other damages that may become apparent;

C. For interest on all sums so awarded at the legal rate from and after the date of the injuries and after judgment;

D. For attorneys' fees, and costs expended herein pursuant to statute;

E. Pre and post judgment interest;

F. For an award of punitive damages;

G. For trial by jury on all issues so triable;

H. For any and all other just and proper relief to which the record may show him entitled.

Respectfully submitted,

**/s/ Benjamin T. D. Pugh**
BENJAMIN T.D. PUGH (KY 94032)(OH 0086781)
PUGH & ROACH, ATTORNEYS AT LAW, PLLC
301 West Pike Street
Covington, Kentucky 41011
Tel: (859) 291-5555
Fax: (859) 287-2600
Email: tom@prlaw.legal

**/S/ Michael O'Hara**
MICHAEL O'HARA (KY 52530)(OH 0014966)
O'HARA, TAYLOR, SLOAN, CASSIDY & BECK, PLLC
25 Town Center Boulevard, Suite 201
Covington, Kentucky  41017
Tel: (859) 331-2000
Fax: (859) 578-3365
Email: mohara@oharataylor.com
ATTORNEYS FOR PLAINTIFFS